**BAO WEI GAO, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 03–40959–AG NAC.

United States Court of Appeals, Second Circuit.

March 23, 2006.

Dehai Zhang, Flushing, New York, for Petitioner.

Thomas Marino, United States Attorney for the Middle District of Pennsylvania, Michael J. Butler, Assistant United States Attorney, Harrisburg, Pennsylvania, for Respondent.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. JAMES L. OAKES, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Bao Wei Gao, a native and citizen of China, petitions for review of a BIA decision affirming an immigration judge's ("IJ's") denial of asylum, withholding of removal and relief under the Convention Against Torture ("CAT"), *adopted*, S. Treaty Doc. No. 100–20 (1988). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA's decision affirms the IJ's holding and modifies or supplements it, this court will review the IJ's decision as modified or supplemented by the BIA. *See Xue Hong Yang v. DOJ*, 426 F.3d 520, 522 (2d Cir.2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d. Cir.2005). We review factual findings under the substantial-evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

In this case, the BIA and IJ noted several problems with Gao's testimony, including the following implausibilities: (1) Gao's wife allegedly reinserted her IUD into her vaginal canal, yet an x-ray did not reveal to the Chinese family-planning officials that the IUD was inserted into the vaginal canal as opposed to the uterus; (2) Gao escaped detention through a window with metal bars; and (3) Gao was able to escape detention and escape government officials without clothing. The agency's findings of implausibilities in this case were not infected by speculation or conjecture, and provide substantial evidence to support the adverse-credibility determination. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144—46 (2d Cir.2006).

Gao has not challenged the IJ's denial of his CAT claim in his brief to this court.

Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1, 546 n. 7 (2d Cir.2005). Therefore, Gao's petition for review of the BIA's denial of CAT relief is considered waived here and will not be addressed.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, the stay of removal that the court previously granted in this petition is VACATED. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).